VELIONISKIS, A MINOR, PLAINTIFF-APPELLANT, *v.* WALTER, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25904.   Decided July 19, 1962

*Mr. Lawrence Landskroner,* for plaintiff-appellant.
*Messrs. Meyers, Stevens & Rea,* for defendant-appellee.

(COLLIER and BROWN, JJ., of the Fourth District, and DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

DONAHUE, J.   This appeal on questions of law assigns two errors, to wit:
"1. The trial court committed prejudicial error in rendering a judgment in favor of the defendant in that the great weight of the evidence indicated that negligence of the defendant was the sole cause of the accident.
"2. The trial court committed prejudicial error in charging the jury on the subject of contributory negligence when there

was no competent evidence thereof placing that subject in issue.''

Appellant, an eleven year old boy, was walking along a sidewalk. Appellee was backing out of a driveway. Appellant testified that he saw the car, when it was twelve to fifteen feet from the sidewalk, that it wasn't moving, and that he didn't look at it thereafter. Defendant testified that she stopped to let a woman pedestrian pass, but never saw the boy and proceeded to back at to three miles per hour. It may be noted also that plaintiff was approaching from defendant's right, that is, the side away from the driver before he was hit.

A careful review of the evidence leaves this court unconvinced that the ''great weight of the evidence indicated that negligence of the defendant was the sole cause of the accident.''

A jury verdict should not be disturbed unless the court disturbing it is convinced that the verdict was unreasonable.

We have no interrogatories to tell us the basis of the defendant verdict. In the absence of such information, we cannot say whether or not the jury found any negligence on anyone's part. They merely say, in effect, that plaintiff failed to convince them that he should be awarded a verdict.

The second assignment claims that contributory negligence was not in this case, and thus a charge on contributory negligence was reversible error.

However, as noted by defendant's brief, plaintiff himself interjected contributory negligence by his own frequent use of that term in his requested charges. Having asked that the jury be instructed on the issue, he cannot now complain because the court did so, albeit at greater length than plaintiff now believes was necessary. In addition, we are of the opinion that there was sufficient evidence of negligence on plaintiff's part to warrant submission of the question to the jury.

Judgment affirmed.

Exceptions. Order see journal.

Brown, P. J., and Collier, J., concur.